UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIA JUSTINO,

                Plaintiff,

-against-

WAL-MART STORES, INC.,

                Defendant.

**ORDER**

21-CV-02130 (PMH)

PHILIP M. HALPERN, United States District Judge:

On March 11, 2021, Defendant Wal-Mart Stores, Inc. ("Defendant") filed a Notice of Removal seeking removal of this action from the Supreme Court of the State of New York, County of Orange, to this Court. (Doc. 1, "Not. of Removal;" Doc. 2 "Compl."). For the reasons below, this matter is REMANDED to the Supreme Court of the State of New York, County of Orange.

## BACKGROUND

On or about January 13, 2021, Plaintiff Tia Justino ("Plaintiff") filed a Complaint commencing this action against Defendant, her former employer, in the Supreme Court of the State of New York, County of Orange. (*See* Not. of Removal ¶ 1; Compl. ¶¶ 1-6). Plaintiff alleged that, while employed by Defendant, she suffered unlawful discrimination, retaliation, and sexual harassment ultimately ending with her constructive discharge. (Compl. ¶¶ 7-39).

Defendant represents that it "first received notice of the civil action on or about February 12, 2021, when process was served." (Not. of Removal ¶ 2). Defendant removed this action from state court "pursuant to "28 U.S.C. §§ 1332, 1441, and 1446, based on diversity jurisdiction." (*Id*. ¶ Recital). Defendant argues that this Court may exercise subject-matter jurisdiction over this dispute because: (1) complete diversity exists between the parties (*id*. ¶¶ 7-9); and (2) although Plaintiff does not make a specific demand for damages, Plaintiff "clearly would be eligible to

recover monetary damages exceeding $75,000.00, exclusive of interests and costs" (*id*. ¶ 10; *see also id*. ¶ 11 (arguing that "it is readily apparent that should plaintiff . . . be the prevailing party she will be eligible to recover substantially more than $75,000.00 . . . .").

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While a defendant need not "prove the amount in controversy to an absolute certainty," the defendant "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id*. (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74).[1]

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

Plaintiff alleges that, as a result of the discrimination and harassment she experienced during her employment, she seeks "an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper." (Compl. ¶ Prayer for Relief; *see also id.* ¶¶ 33-35 (identifying Plaintiff's injuries as "economic and physical/emotion damages," "stress and anxiety," and "emotional pain, suffering, inconvenience, and other non-pecuniary losses")). Although Plaintiff does not claim backpay following her constructive discharge, Defendant argues that damages for constructive discharge "would necessarily include back pay, consisting of lost wages, fringe benefits, and other employment benefits, and potentially front pay." (Not of Removal ¶ 11 (internal citations omitted)). Accounting for those damages—along with Plaintiff's request for punitive damages—Defendant maintains that "it is readily apparent that should plaintiff prove to be the prevailing party she will be eligible to recover substantially more than $75,000.00." (*Id.*). Defendant provides the Court no other support for its assertion that the amount in controversy exceeds $75,000.

Pursuant to the removal statute, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Furthermore, "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." *Id.* at (c)(3)(A). The removal statute "is to be strictly construed." *Quintana v. Werner Enterprises, Inc.,* No. 09-CV-7771, 2009 WL 3756334, at

3

*1 (S.D.N.Y. Nov. 2, 2009) (citing *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 201 (2d Cir. 2001)).

There is no indication in the Notice of Removal or otherwise on the docket of any written response by Plaintiff to any discovery demands, and no "other paper" has been proffered which sets forth the amount in controversy. This Court has also undertaken to review the publicly-available electronic docket in the state court proceeding; that docket is similarly devoid of any written indication of the amount in controversy. In fact, it reveals that only five documents – the Summons and Complaint, an affidavit of service, a notice of appearance, the notice of removal to the state court, and the Notice of Removal – have been filed. (*See* Index No. EF000285-2021, NYSCEF Docs. 1-5). Thus, the only allegations about the amount in controversy are Plaintiff's generalized allegations of damages and Defendant's insistence that such damages *must* exceed $75,000. (Compl. ¶ Prayer for Relief; *see also id.* ¶¶ 33-35; Not. of Removal ¶ 11).

"It is well-settled that the Second Circuit has a 'bright line rule' that the 30-day 'removal clock does not start to run until the plaintiff serves the defendant with a *paper* that explicitly specifies the amount of monetary damages sought.'" *Johnson v. Home Depot U.S.A., Inc.*, No. 19-CV-3476, 2019 WL 5287969, at *2 (E.D.N.Y. Oct. 18, 2019) (quoting *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (emphasis added)). Because the Court concludes that Defendant failed to satisfy its burden of establishing that the amount in controversy exceeds $75,000 and no paper has been served that would start the 30-day removal clock, this Court holds that removal from the state court was improper.

Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Orange. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Orange, and to close this action.

4

All pending matters are hereby terminated.

                                      **SO ORDERED:**

Dated: White Plains, New York
           March 15, 2021

                                      _____
                                      PHILIP M. HALPERN
                                      United States District Judge